This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

### IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-39715**

**STATE OF NEW MEXICO,**

      Plaintiff-Appellee,

v.

**NICHOLAS ALFRED ESQUIBEL,**

      Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF MCKINLEY COUNTY**
**Robert A. Aragon, District Judge**

Hector H. Balderas, Attorney General
Emily Tyson-Jorgenson, Assistant Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
William O'Connell, Assistant Appellate Defender
Santa Fe, NM

for Appellant

### MEMORANDUM OPINION

**BOGARDUS, Judge.**

**{1}**    This matter was submitted to the Court on Defendant's brief in chief pursuant to the Administrative Order for Appeals in Criminal Cases Involving the Law Offices of the Public Defender, From the Eleventh Judicial District Court in *In re Pilot Project for Criminal Appeals*, No. 2019-002, effective October 1, 2019. Following consideration of the brief in chief, the Court assigned this matter to Track 2 for additional briefing. Now having considered the brief in chief, answer brief, and reply, we reverse and remand for the following reasons.

**{2}** Following entry of a plea, Defendant appeals the district court's calculation of presentence confinement credit (PSCC) for purposes of his judgment and sentence. Defendant argues that he was entitled to PSCC for 296 days, for the approximate ten months between April 6, 2020 and January 27, 2021 [BIC 21; RB 3], during which time Defendant was ordered to house arrest with electronic monitoring, excepting work [2 RP 303; BIC 9]. The State concedes that Defendant is entitled to 280 days of PSCC [AB 5], but argues that Defendant is not entitled to PSCC for the forty-day period between December 18, 2020 and January 27, 2021,[1] during which time Defendant was not compliant with the conditions of his house arrest [AB 5, 8].

**{3}** While we are not bound by the State's concession regarding the 280-day period of time from April 6, 2020 through December 18, 2020 [AB 5, 8], *State v. Comitz*, 2019-NMSC-011, ¶ 25, 443 P.3d 1130, we agree with it. *See State v. Fellhauer*, 1997-NMCA-064, ¶ 17, 123 N.M. 476, 943 P.2d 123 (outlining the requirements for conditions of confinement to qualify as PSCC). As such, we address only the State's contention that Defendant is not entitled to PSCC for the time following his non-compliance with the conditions of his house arrest because, although not charged, Defendant had committed the crime of escape from a community custody program, and was, therefore, no longer "in presentence confinement." [AB 8, 9] According to the State, Defendant violated the conditions of his house arrest on multiple occasions, between December 18, 2020 and December 27, 2020, by leaving his home for short periods of time and returning thereafter. [AB 4] In addition, the State contends that Defendant was not in compliance with the terms of his electronic monitoring throughout January 2021. [AB 4] We are unpersuaded by the State's argument.

**{4}** Initially, we note that the State's approach invites the type of fact-intensive evaluations that we have previously held would "would result in case-specific line-drawing incapable of principled implementation." *State v. Hansen*, 2021-NMCA-048, ¶ 26, 495 P.3d 1173, *cert. denied* (S-1-SC-38778); *see id.* ("The more lines get drawn, the more they will become blurry or so fine as to be arbitrary, and the more difficult it will become for sentencing courts throughout our state and our appellate courts to evenhandedly and uniformly apply our 'mandatory' presentence confinement credit statute."). More significantly, we agree with Defendant's claim that "[i]t cannot seriously be argued that as soon as [Defendant] violated his [house arrest conditions by] leaving his house for up to two hours on occasions between December 18 and December 27, he could no longer be prosecuted for escape[.]" [RB 2] *See State v. Martinez*, 1989-NMCA-047, ¶ 17, 109 N.M. 34, 781 P.2d 306 (holding that jury instructions correctly stated the law in explaining that "escape is a continuing offense. That is, it commences at the time an inmate flees from lawful custody or confinement and continues until he is apprehended or surrenders" (text only)). This is not a case where Defendant fled the jurisdiction or otherwise remained at large until apprehension. [RB 1] *See id.* Rather, Defendant voluntary surrendered himself and returned to the conditions of his

---

1 The State contends that Defendant's PSC calculation is incorrect as it omits twenty-four days of PSC ordered by the district court and therefore requests 320, rather than 296, days of PSC. [AB 5]

presentence confinement after each short period of time that he left his home without authorization. [AB 8, RB 2]

**{5}** Based on the foregoing, we reverse Defendant's sentence and remand with instructions to credit Defendant for the time he spent on house arrest with electronic monitoring.

**{6}     IT IS SO ORDERED.**

**KRISTINA BOGARDUS, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Chief Judge**

**JACQUELINE R. MEDINA, Judge**